Mr. Kevin D. Obos Attorney for Bay County Sheriff's Office Post Office Drawer 1579 Panama City, Florida 32401
Dear Mr. Obos:
On behalf of the Bay County Sheriff's Office, you have asked for my opinion on substantially the following question:
Is the Bay County Sheriff authorized to conduct an auction or public sale using an Internet or online auction service to dispose of the following property: surplus property pursuant to section 274.06, Florida Statutes; lost or abandoned property pursuant to section 705.103, Florida Statutes; unclaimed evidence pursuant to section 705.105, Florida Statutes; or forfeited property pursuant to section 932.7055, Florida Statutes?
According to your letter the Bay County Sheriff's Office currently conducts a live annual auction to dispose of these types of property, after advertising the auction. You suggest that the ability to conduct an auction utilizing online services such as "www.eBay.com" or "www.govdeals.com" would provide the Sheriff's Office with a more efficient and cost-effective means to dispose of such property.
In Attorney General's Opinion 88-27, this office concluded that section468.383(2), Florida Statutes, exempts from the application of Part VI, Chapter 468, Florida Statutes, a sheriff's sale at auction of surplus property pursuant to section 274.06, Florida Statutes; lost or abandoned property under section 705.103, Florida Statutes; unclaimed evidence as provided in section 705.105, Florida Statutes; or forfeited property pursuant to what is now section 932.7055, Florida Statutes.[1] Section468.383(2), Florida Statutes, exempts from the scope of the auctioneer act "[a]uctions conducted under a judicial or an administrative order, or sales required by law to be at auction." Thus, for those auctions or sales that are "required by law to be at auction," no licensed auctioneer is required to facilitate the sale. The opinion concluded that the auctions prescribed in those statutes fall within the scope of the exception. Therefore, your question becomes whether a sheriff's sale of tangible personal property pursuant to these statutes, which is a "sale required by law to be at auction," may be conducted using an online or Internet auction service.
Section 274.06, Florida Statutes — surplus property
Chapter 274, Florida Statutes, deals generally with tangible personal property that is owned by local governments.[2] The chapter includes requirements for making records of and maintaining an inventory of property,[3] property supervision and control,[4] property acquisition,[5] and the disposal of certain surplus property.[6]
Section 274.06, Florida Statutes, provides that:
"Having consideration for the best interests of the county or district, a governmental unit's property that is obsolete or the continued use of which is uneconomical or inefficient, or which serves no useful function, which property is not otherwise lawfully disposed of, may be disposed of for value to any person, or may be disposed of for value without bids to the state, to any governmental unit, or to any political subdivision . . . or if the property is without commercial value it may be donated, destroyed, or abandoned. The determination of property to be disposed of by a governmental unit pursuant to this section instead of pursuant to other provisions of law shall be at the election of such governmental unit in the reasonable exercise of its discretion. Property, the value of which the governmental unit estimates to be under $5,000, may be disposed of in the most efficient and cost-effective means as determined by the governmental unit. Any sale of property the value of which the governmental unit estimates to be $5,000 or more shall be sold only to the highest responsible bidder, or by public auction, after publication of notice not less than 1 week nor more than 2 weeks prior to sale in a newspaper having a general circulation in the county or district in which is located the official office of the governmental unit, and in additional newspapers if in the judgment of the governmental unit the best interests of the county or district will better be served by the additional notices; provided that nothing herein contained shall be construed to require the sheriff of a county to advertise the sale of miscellaneous contraband of an estimated value of less than $5,000."
This statute provides alternative methods for the disposal of surplus property, one of which is the auction of such property. The statute recognizes that governmental units, including the sheriff, may use their discretion in determining what property may be disposed of pursuant to this section. In the absence of any requirement designating the site of a public auction[7] or mandating the use of a licensed auctioneer, nothing in Chapter 274, Florida Statutes, would preclude the sheriff from utilizing the services of an online or Internet auction service to dispose of surplus property. However, the sheriff must comply with the statutory requirements for advertising the auction by publishing the required notice prior to any such sale under the conditions prescribed by the statute.
Chapter 705, Florida Statutes — lost or abandoned property
Chapter 705, Florida Statutes, provides procedures for the disposition of lost or abandoned property by local governmental entities when that property is found on public lands.[8] The chapter includes procedures for reporting lost or abandoned property,[9] providing notice of the discovery of such property to its owner,[10] disposition of such property[11] and securing title to such property.[12] This chapter also contains specific procedures for dealing with unclaimed evidence.[13]
Pursuant to the statute, when a law enforcement agency is in possession of abandoned property, the agency may retain the property for its own use or for the use of the state or another unit of local government, it may trade the property, or it may donate it to a charitable organization. The law enforcement agency is also authorized to sell the property.[14] For lost property, a law enforcement officer is required to take custody of the property, retain it for 90 days and provide notice of the intended disposition of the property.[15] If the law enforcement agency elects to sell the property,
"it must do so at public sale by competitive bidding. Notice of the time and place of the sale shall be given by an advertisement of the sale published once a week for 2 consecutive weeks in a newspaper of general circulation in the county where the sale is to be held. The notice shall include a statement that the sale shall be subject to any and all liens.[16] The sale must be held at the nearest suitable place to that where the lost or abandoned property is held or stored. The advertisement must include a description of the goods and the time and place of the sale. The sale may take place no earlier than 10 days after the final publication. If there is no newspaper of general circulation in the county where the sale is to be held, the advertisement shall be posted at the door of the courthouse and at three other public places in the county at least 10 days prior to sale. Notice of the agency's intended disposition shall describe the property in a manner reasonably adequate to permit the rightful owner of the property to identify it.[17]"
While the statute refers to "public sale by competitive bidding," this office has previously concluded that the sale of lost or abandoned property pursuant to section 705.103, Florida Statutes, is a sale at auction for which the statute does not require the use of a licensed auctioneer.[18] As is the case in Chapter 274, Florida Statutes, the procedure outlined in section 705.103(2), Florida Statutes, would appear to lend itself to the Internet or online auction process. While the statute requires that "[t]he sale must be held at the nearest suitable place to that where the lost or abandoned property is held or stored," I cannot say that this would preclude an online auction. Again, however, the sheriff must advertise and follow the other directives of the statute with regard to notice as specifically provided therein.[19]
Section 705.105 — unclaimed evidence
Section 705.105, Florida Statutes, prescribes the procedure to be used regarding unclaimed evidence:
"(1) Title to unclaimed evidence or unclaimed tangible personal property lawfully seized pursuant to a lawful investigation in the custody of the court or clerk of the court from a criminal proceeding or seized as evidence by and in the custody of a law enforcement agency shall vest permanently in the law enforcement agency 60 days after the conclusion of the proceeding. (a) If the property is of appreciable value, the agency may elect to: 1. Retain the property for the agency's own use; 2. Transfer the property to another unit of state or local government; 3. Donate the property to a charitable organization; 4. Sell the property at public sale, pursuant to the provisions of s. 705.103. (b) If the property is not of appreciable value, the law enforcement agency may elect to destroy it. (2) Nothing in this section shall be construed to repeal or supersede the provisions of s. 790.08 relating to the disposition of weapons and firearms."
Thus, unclaimed evidence, with the exception of weapons and firearms, may be sold at public sale pursuant to the provisions of section 705.103, Florida Statutes. As discussed more fully above, it is my opinion that section 705.103(2)(b)2., Florida Statutes, allows a sheriff to use an online or Internet auction service to dispose of abandoned or lost property. Therefore, unclaimed evidence, with the exception of weapons and firearms, may also be disposed of by public sale using an online or Internet auction service. Again, the notice and publication requirements of section 705.103, Florida Statutes, must be satisfied whether the auction is conducted on the Internet or in person at the "nearest suitable place[.]"[20]
Section 932.704(3)(a), Florida Statutes — the "Florida Contraband Forfeiture Act"
Sections 932.701-932.704, Florida Statutes, the "Florida Contraband Forfeiture Act," authorize the seizure and forfeiture of any contraband article,[21] vessel, motor vehicle, aircraft, other personal property, or real property used in violation of any provision of the Florida Contraband Forfeiture Act.[22]
Upon seizure, all rights to, interest in and title to contraband articles used in violation of the act vest in the seizing law enforcement agency.[23] Pursuant to section 932.7055(1), Florida Statutes, when a seizing agency obtains a final judgment granting forfeiture of personal property it may elect to retain the property for agency use; salvage, trade, or transfer the property to a public or nonprofit organization, or "[s]ell the property at public auction or by sealed bid to the highest bidder. . . ."[24] This section contains provisions directing the priority of distribution of proceeds from the sale of forfeited property.
As determined in Attorney General Opinion 88-27, the procedure set forth in the Florida Contraband Forfeiture Act for the sale of forfeited contraband, motor vehicles, aircraft or other personal property is a sale that falls within the exemption in section 468.383, Florida Statutes. Nothing in the act requires that such sale be conducted in a particular venue and this office has concluded that such auctions are exempt from the licensed auctioneer requirements in Chapter 468, Florida Statutes. Therefore, it is my opinion that personal property subject to disposition pursuant to the Florida Contraband Forfeiture Act may be disposed of using an online or Internet auction service so long as the requirements of the act are met.[25]
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] The statute providing for the disposition of forfeited property discussed in Op. Att'y Gen. Fla. 88-27 (1988) was s. 932.704(3)(a), Fla. Stat. The relevant provisions of that statute were transferred to what is now s. 932.7055, Fla. Stat., by s. 5, Ch. 92-54, Laws of Fla.
[2] Section 274.01(3) defines "[p]roperty" as "all tangible personal property, owned by a governmental unit, of a nonconsumable nature." A "[g]overnmental unit" is defined in s. 274.01(1), Fla. Stat., to mean "the governing board, commission or authority of a county or taxing district of the state or the sheriff of the county."
[3] Section 274.02, Fla. Stat.
[4] Section 274.03, Fla. Stat.
[5] Section 274.04, Fla. Stat.
[6] Section 274.05, Fla. Stat.
[7] Compare, s. 197.542(1), Fla. Stat., requiring that lands advertised for sale to the highest bidder under s. 197.502, Fla. Stat., shall be sold at specified times and places "at public outcry."
[8] Section 705.101(1), Fla. Stat., defines "[l]ocal government" to mean "the board of county commissioners of a county or the commission or council of any municipality in the county." "Lost property" is defined in s. 705.101(2), Fla. Stat. as "all tangible personal property which does not have an identifiable owner and which has been mislaid on public property, upon a public conveyance, on premises used at the time for business purposes, or in parks, places of amusement, public recreation areas, or other places open to the public in a substantially operable, functioning condition or which has an apparent intrinsic value to the rightful owner." The definition of "[a]bandoned property" is contained in s. 705.101(3), Fla. Stat., and means "all tangible personal property that does not have an identifiable owner and that has been disposed on public property in a wrecked, inoperative, or partially dismantled condition or has no apparent intrinsic value to the rightful owner. Vessels determined to be derelict by the Fish and Wildlife Conservation Commission or a county or municipality in accordance with the provisions of s. 823.11 are included within this definition." And see Op. Att'y Gen. Fla. 93-30 (1993) which concluded that Ch. 705, Fla. Stat., relates to the disposition of abandoned or lost property located on public property and does not make a local police department responsible for the disposition of such property located on private property. The opinion concluded that a local governmental entity may establish reasonable criteria for the disposition of lost and abandoned property located on private property which has been placed in the custody of the police department.
[9] Section 705.102, Fla. Stat.
[10] Section 705.103, Fla. Stat.
[11] Id.
[12] Section 705.104, Fla. Stat.
[13] Section 705.105, Fla. Stat.
[14] Section 705.103(2)(a), Fla. Stat.
[15] Section 705.103(2)(b), Fla. Stat.
[16] And see Op. Att'y Gen. Fla. 88-10 (1988) (abandoned vehicles which are removed at the request of a law enforcement agency pursuant to the provisions of s. 705.103, Florida Statutes, are subject to the lien provisions of s. 713.78, Fla. Stat.)
[17] Section 705.103(2)(b)2., Fla. Stat.
[18] See Op. Att'y Gen. 88-27 (1988).
[19] See Op. Att'y Gen. Fla. 99-58 (1999), concluding that the Ocala Police Department must dispose of unclaimed evidence as provided in s.705.105, Fla. Stat., rather than allowing the City of Ocala to auction unclaimed evidence titled in the police department in an effort to circumvent the procedures of ss. 705.105 and 705.103, Fla. Stat.
[20] Id.
[21] Section 932.701(2)(a), Fla. Stat., defines "[c]ontraband article" to mean:
"1. Any controlled substance as defined in chapter 893 or any substance, device, paraphernalia, or currency or other means of exchange that was used, was attempted to be used, or was intended to be used in violation of any provision of chapter 893, if the totality of the facts presented by the state is clearly sufficient to meet the state's burden of establishing probable cause to believe that a nexus exists between the article seized and the narcotics activity, whether or not the use of the contraband article can be traced to a specific narcotics transaction. 2. Any gambling paraphernalia, lottery tickets, money, currency, or other means or exchange which was used, was attempted, or intended to be used in violation of the gambling laws of the state. 3. Any equipment, liquid or solid, which was being used, is being used, was attempted to be used, or intended to be used in violation of the beverage or tobacco laws of the state. 4. Any motor fuel upon which the motor fuel tax has not been paid as required by law. 5. Any personal property, including, but not limited to, any vessel, aircraft, item, object, tool, substance, device, weapon, machine, vehicle of any kind, money, securities, books, records, research, negotiable instruments, or currency, which was used or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, whether or not comprising an element of the felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act. 6. Any real property, including any right, title, leasehold, or other interest in the whole of any lot or tract of land, which was used, is being used, or was attempted to be used as an instrumentality in the commission of, or in aiding or abetting in the commission of, any felony, or which is acquired by proceeds obtained as a result of a violation of the Florida Contraband Forfeiture Act. 7. Any personal property, including, but not limited to, equipment, money, securities, books, records, research, negotiable instruments, currency, or any vessel, aircraft, item, object, tool, substance, device, weapon, machine, or vehicle of any kind in the possession of or belonging to any person who takes aquaculture products in violation of s. 812.014(2)(c). 8. Any motor vehicle offered for sale in violation of s. 320.28. 9. Any motor vehicle used during the course of committing an offense in violation of s. 322.34(9)(a)."
[22] Section 932.703(1)(a), Fla. Stat.
[23] Section 932.703(1)(c), Fla. Stat.
[24] Section 932.7055(1)(b), Fla. Stat. And see Op. Att'y Gen. Fla. 88-27(1988). Real property to which a seizing agency obtains title must be "sold in a commercially reasonable manner after appraisal by listing on the market[.]" And see Op. Att'y Gen. Fla. 03-16 (2003) concluding that Ch. 932, Fla. Stat., does not restrict the disposal or subsequent use of real property obtained through contraband forfeiture procedures after the real property is no longer needed for the purpose for which it was acquired.
[25] And see 932.704(11)(a), Fla. Stat., providing that the Department of Law Enforcement, in consultation with the Florida Sheriffs Association and the Florida Police Chiefs Association, shall develop guidelines to be used by local law enforcement agencies in implementing the Florida Contraband Forfeiture Act.